**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| KENNETH DESMOND JACKSON, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Civil No. 12-01311-CV-W-DGK <br> Crim No. 11-00027-01-CR-W-DGK |

## ORDER DENYING MOVANT'S § 2255 MOTION

Pending before the Court is Movant Kenneth Jackson's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1). The Court has carefully reviewed this motion[1] and the Government's response, and for the reasons discussed below, Movant's motion is DENIED.

### Background[2]

On February 9, 2011, the Western District of Missouri charged Kenneth Jackson with: conspiracy to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1); two counts of aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Counts 5 and 6); one count of aiding and abetting the possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count 7); and one count of using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).1 (Count 8) (Crim. Doc. 20).

---

[1] In ruling on the pending motion, the Court also considered Doc 10.
[2] This background is excerpted from the Government's "Procedural History" (Doc. 3).

The Court appointed the Federal Public Defender's Office to represent Jackson (Crim. Doc. 9), and Assistant Federal Public Defender Ronna Holloman-Hughes negotiated a written plea agreement with the Government. As a part of the plea agreement, the Government agreed to dismiss Count Eight (using a firearm in relation to a drug trafficking crime) which required a statutory consecutive sentence of five years' imprisonment.

On May 10, 2011, Jackson appeared before the Court and pleaded guilty, through the plea agreement, to Counts One, Five, Six, and Seven (Crim. Doc. 33, 34). The plea agreement contained a detailed factual basis for the guilty plea (Plea Agrmt., at 2-9), and an agreement that the cocaine base attributable to Jackson was at least 28 grams but less than 84 grams (Plea Agrmt., at 9). The plea agreement also advised Jackson of the statutory penalties for the offenses and the Court's sentencing procedures (Plea Agrmt., at 9-11). Through the plea agreement, Jackson waived the right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel, prosecutorial misconduct, or illegal sentence (Plea Agrmt., at 17).

On August 11, 2011, a final Presentence Investigation Report ("PSR") was issued, which calculated a base offense level of 28, based on a drug quantity greater than that contemplated in the plea agreement (PSR, at ¶¶ 22, 30). The PSR found a total amount of 145.25 grams of cocaine base (PSR, at ¶ 22). A two-level enhancement was applied under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the offense, and a three-level reduction under § 3E1.1(a) and (b) was applied for acceptance of responsibility, yielding a total offense level 27 (PSR, at ¶¶ 30-40).

The PSR calculated a total of six criminal history points, yielding a criminal history category III (PSR, at ¶¶ 43-52). Jackson also received two points under U.S.S.G. § 4A1.1(d) for

serving a criminal sentence when the instant offense was committed (PSR, at ¶ 51). These calculations yielded a Sentencing Guidelines range of 87-108 months (PSR, at ¶¶ 82, 83).

Jackson objected to the PSR's drug quantity calculations. He also argued that the firearm was legally registered and was not utilized in conjunction with the drug sales (PSR Adden. dated August 11, 2011).

On October 20, 2011, Jackson filed a sentencing memorandum through his attorney (Crim. Doc. 49) where he continued to object to the base offense level based on the drug quantity and to the enhancement for possession of a firearm under § 2D1.1(b)(1). Jackson also argued that he should receive a sentence at the low end of the Sentencing Guidelines range based, in part, on his lack of a prior felony conviction. The Government filed a response (Crim. Doc. 51), in which it stated that it would not advocate for a base offense level greater than 26, the amount contemplated in the plea agreement, but argued that the weapon enhancement should apply under § 2D1.1. The Government requested a sentence of 87 months.

On November 9, 2011, Jackson appeared for sentencing (Sent. Tr., at 2-14), and the Court overruled Defense counsel's objections (Sent. Tr., at 9, 13), resulting in a Guidelines range of 87 to 108 months. After hearing arguments from defense counsel, Jackson's mother, and Jackson, and after considering the 18 U.S.C. § 3553(a) sentencing factors, the Court varied downward and imposed a sentence of 80 months' imprisonment (Sent. Tr., at 24-29).

Jackson has now filed a § 2255 motion seeking to vacate his sentence. The Government does not dispute that the motion is timely under 28 U.S.C. § 2255(f)(3).

**Standard**

Title 28, section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose . . . or . . . was in excess of the maximum

3

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Movants are entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Id.* at 2255(b).

The Sixth Amendment right to counsel entitles a criminal defendant to effective assistance of counsel. In *Strickland v. Washington,* the Supreme Court laid out a two-part test for deciding a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). In order to succeed on a claim of ineffective assistance of counsel, a prisoner must first show that "counsel's performance was deficient . . . [meaning] that counsel made errors so serious the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense . . . [meaning] that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Id.* at 687. The court need not decide whether counsel's performance was inadequate if it finds that the petitioner was not prejudiced by any claimed deficient performance. *Id.* at 697.

To satisfy the first prong, a movant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996). In deciding whether a counsel's performance was ineffective, a court must consider the totality of circumstances surrounding the counsel's representation. *Strickland*, 466 U.S. at 690. A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010), quoting *Strickland*, 466 U.S. at 689.

To satisfy the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694. Because the alleged deficient performance involves a plea process, Jackson must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This prejudice inquiry also often involves the court assessing whether correcting the error would have resulted in a different outcome at a subsequent trial. *Hill*, 474 U.S. at 59-60.

## Discussion

### I. Ineffective Assistance of Counsel

In his first claim, Jackson contends that his attorney was ineffective for failing to correct errors in his PSR, alleging that the PSR "added points" for possession of a firearm, a crime for which he was never charged or convicted (Doc. 1). This argument appears to attack the two-level enhancement Jackson received under § 2D1.1(b)(1) for possession of a firearm during the drug trafficking crime. Jackson further contends that his drug possession offense occurred nearly two weeks apart from his firearm possession (Doc. 10).

This argument is without merit. As the record shows, Jackson's attorney objected to the application of § 2D1.1(b)(1) both in his written objections to the PSR and orally during the sentencing hearing. Defense counsel argued that the firearm was legally registered and was not utilized in conjunction with the drug sales (PSR Adden. dated August 11, 2011). Defense counsel reiterated this objection in the sentencing memorandum (Crim. Doc. 49) and raised the objection again at sentencing. Although the Court ultimately denied this objection, the record does not support Jackson's claim for ineffective assistance of counsel here.

Accordingly, the Court finds this argument without merit.

## II. Miscalculation of Base Offense Level and Criminal History Points

In his second claim, Jackson contends that the Court miscalculated his base offense level and criminal history category points which resulted in an erroneous Sentencing Guidelines range (Doc. 1).

This claim fails for two reasons. First, Jackson is barred from raising substantive claims in a § 2255 motion which he did not raise on appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). Second, Jackson waived his right to file claims in a § 2255 motion, except in the case of: "(1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence" (Plea Agrmt., at 17). The plea agreement defines an "illegal sentence" as one which "includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence" (Plea Agrmt., at 17).

Jackson's claim does not fit within any of the above three criteria. Accordingly, this claim is denied.

## III. Evidentiary Hearing

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks omitted)). Because here, Jackson's allegations are purely legal in nature, rather than fact-based, and can be resolved solely on the basis of the record, he is not entitled to an evidentiary hearing on this motion.

## IV. Certificate of Appealability

Jackson can appeal the Court's decision to the Eighth Circuit Court of Appeals only if the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). Because Jackson cannot make a substantial showing of a denial of a constitutional right or raise a debatable issue among reasonable jurists, this Court also declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

Jackson's claims are without merit. Accordingly, Movant's motion is DENIED. A hearing is not warranted because the record conclusively shows that Movant is not entitled to any relief, and a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Dated: June 17, 2013                       /s/ Greg Kays
                                                           GREG KAYS
                                                           UNITED STATES DISTRICT JUDGE